IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHERRY LOWE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:19-cv-1461 |
| | § | |
| DESERT TRUSS, INC., DESERT WIND | § | |
| INVESTMENTS, INC., D&R RANCH, AND | § | |
| BUTTRUM CONSTRUCTION, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Sherry Lowe, who was adversely affected by such practices. As alleged with greater particularity below, Ms. Lowe alleges Desert Truss, Inc., Desert Wind Investments, Inc., D&R Ranch, and Buttrum Construction, Inc., subjected Ms. Lowe to a hostile work environment because of her sex in violation of Section 703(a) of Title VII. Ms. Lowe further alleges that Defendants subjected her to unlawful retaliation after she engaged in the protected activities of objecting to sex harassment in violation of Section 704(a) of Title VII.

**I.
JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas. This lawsuit is being filed in the San Antonio Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the San Antonio Division.

## II.
## PARTIES

3. Plaintiff, Sherry Lowe, is a former employee of Defendants and resides in Comal County, Texas.

4. At all relevant times, Defendant, Desert Truss, Inc., has been an Arizona corporation, with its principal place of business in Glendale, Arizona.

5. At all relevant times, Defendant, Buttrum Construction, Inc., has been a Texas corporation, with its principal place of business in New Braunfels, Texas. It can be served through its registered agent, Donald Buttrum, at the following address: 5524 Eckhardt Road, New Braunfels, Texas 78132-4920.

6. At all relevant times, Defendant, Desert Wind Investments, Inc., has been a Texas corporation, with its principal place of business in New Braunfels, Texas.

7. At all relevant times, Defendant, D&R Ranch, has been a Texas corporation, with its principal place of business in New Braunfels, Texas.

8. On information and belief, at all relevant times, the Defendants named in this action have operated as an integrated business enterprise and have collectively had at least fifteen employees on a continual basis. The Defendants share common ownership, common

management, and labor relations for both entities are centrally controlled. During her employment with the Defendants, Plaintiff performed work for all Defendants, and received compensation from all four.

9. At all relevant times, Desert Truss, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

10. At all relevant times, Buttrum Construction, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

11. At all relevant times, Desert Wind Investments, Inc.. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

12. At all relevant times, D&R Ranch has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

### III.
### ADMINISTRATIVE PROCEDURES

13. More than thirty days prior to the institution of this lawsuit, Sherry Lowe filed a charge with the U.S. Equal Employment Opportunity Commission alleging violations of Title VII by Defendants.

14. On August 10, 2018, the U.S. Equal Employment Opportunity Commission found reasonable cause to determine that the Defendants violated Title VII when Defendants' owner sexually harassed and then retaliated against Ms. Lowe. The Commission then invited

Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. The Commission engaged in communications with the Defendants to provide them with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The conciliation process did not conclude with a resolution, and the Commission issued a Notice of Right to Sue to Ms. Lowe on September 20, 2019.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## IV.
## STATEMENT OF CLAIMS

16. Sherry Lowe was hired by the Defendants as an office manager/bookkeeper in approximately March 2017. Beginning in approximately April of 2017, Defendants engaged in unlawful employment practices at their New Braunfels, Texas offices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

17. Defendants subjected their employee Sherry Lowe to a hostile work environment based on her sex when the Defendants' executive/owner repeatedly made unwelcome sexual advances towards Ms. Lowe.

18. Defendants' owner made multiple unwelcome sexual advances towards Ms. Lowe, including but not limited to on or around April 17, 2017, when Mr. Buttrum asked Ms. Lowe to drink alcohol with him and touched her in a manner that was unwelcome; on or around May 5, 2017, when on a business trip together, Mr. Buttrum asked Ms. Lowe repeatedly to go to a hotel room with him, despite her refusals, and told her that he wanted to have sex with her; on or about May 6, 2017, when Mr. Buttrum came to Ms. Lowe's hotel room and asked if he could

get in bed with her; on or around May 7, 2017, when Mr. Buttrum offered Ms. Lowe $1,000 to have sex with him; and on or around July 7, 2017, Mr. Buttrum asked Ms. Lowe to have sex with him and, when she declined, called her "ugly" and a "whore." The unlawful sexual harassment created a hostile work environment.

19. During the business trip in July 2017, Mr. Buttrum left Ms. Lowe in Port Aransas without a ride home. On July 25, 2017, Mr. Buttrum had Ms. Lowe's employment terminated.

20. The Defendants retaliated against Sherry Lowe by terminating her because of her opposition to the owner's unwanted sexual advances towards her.

21. Defendants are liable for the sexually hostile work environment because it was created and maintained by Defendants' owner, who was also an executive who held supervisory authority over Ms. Lowe.

22. In its Determination letter, the E.E.O.C. found that Ms. Lowe "was subjected to sexual harassment by Defendants' owner, including but not necessarily limited to persistent sexual remarks and requests for sex, and offers of money in exchange for sex by the owner."

23. The E.E.O.C. further found that "the evidence also revealed that the owner had a history/pattern of propositioning other female employees for sex, and upon their refusal, of either discharging them, or forcing them to resign."

24. The E.E.O.C. further found that "the totality of the evidence supports that [Ms. Lowe] was discharged because she refused the owner's sexual advances."

25. The E.E.O.C.'s determination letter concludes: "I find that Charging Party and other females were subjected to actionable sexual harassment by the owner, and were discharged

or denied job opportunities for refusing the sexual advances of the owner and/or complaining of the owner's sexual harassment, which violates Title VII."

26. The effect of the practices described above has been to deprive Ms. Lowe of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex and in retaliation for opposing such unlawful practices.

27. The unlawful employment practices described above were intentionally undertaken by the Defendants and their agents.

28. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Ms. Lowe.

## V.
## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION
### AND RETALIATION UNDER TITLE VII

29. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this Complaint.

30. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her gender and retaliated against for opposing gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

31. Defendant is an employer within the meaning of Title VII.

32. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge

any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, becauseof such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

33. Defendant intentionally discriminated against Plaintiff because of her gender (female) in violation of Title VII by subjecting Plaintiff to the events described above, including but not limited to subjecting Plaintiff to a sexually hostile work environment and by terminating her employment. Defendant's decisions were motivated by Plaintiff's gender, and by Plaintiff's opposition to Defendant's discriminatory conduct. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VI.
## DAMAGES

34. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VII.
## COMPENSATORY DAMAGES

35. Defendants intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.
## PUNITIVE DAMAGES

36. The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## IX.
## ATTORNEYS' FEES AND EXPERT FEES

37. A prevailing party may recover reasonable attorneys' and experts' fees under the Title VII. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## X.
## JURY DEMAND

38. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF